**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OKLAHOMA APPLE LLC,
MOUNTAIN APPLE LLC,
SEESTAR QSR LLC, and
JULIO-MADISON LLC,

    Plaintiffs,

v.

THE UNITED STATES SMALL
BUSINESS ADMINISTRATION,
ISABELLA CASILLAS GUZMAN,
In Her Official Capacity as
Administrator of the Small Business
Administration, and THE UNITED
STATES OF AMERICA,

    Defendants.
_____/

Case No. _____

## **COMPLAINT**

Plaintiffs Oklahoma Apple LLC ("Oklahoma Apple"), Mountain Apple LLC ("Mountain Apple"), Seestar QSR LLC ("Seestar"), and Julio-Madison LLC ("Julio-Madison") (collectively, the "Plaintiffs"), by undersigned counsel, respectfully ask this Court to grant declaratory relief and hold unlawful and set aside the agency actions of Defendants, the United States Small Business Administration ("SBA"); Isabella Casillas Guzman, in her official capacity as Administrator of the SBA; and the United States of America (together, "Defendants"). In support of its Complaint against the Defendants, Plaintiffs allege as follows:

1

## NATURE OF ACTION

1. On March 27, 2020, to assist small businesses in the wake of the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), which established the Paycheck Protection Program ("PPP"). *Coronavirus Aid, Relief, and Economic Security Act*, Pub. L. No. 116–136, 134 Stat. 281 (March 27, 2020), *codified at* 15 U.S.C. § 9001, *et seq*.

2. The PPP provides loans through SBA to certain small businesses who have encountered hardships due to the pandemic (referred to as "PPP Loans") and offers full forgiveness of those loans if the proceeds are properly expended. The PPP is implemented by SBA with support from the Department of Treasury.

3. The primary purposes of the CARES Act are to "keep[] American workers paid and employed," and to otherwise "assist small businesses nationwide adversely impacted by the COVID-19 emergency." *See* 15 U.S.C. Ch. 16, Subchapter I; *Business Loan Program Temporary Changes; Paycheck Protection Program*, 85 Fed. Reg. 20811, 20811 (April 15, 2020).

4. As restaurant entities, Plaintiffs are precisely the type of small business that the CARES Act was created to support. Oklahoma Apple d/b/a Applebee's Neighborhood Bar & Grill and Mountain Apple (both established in 2018), Seestar d/b/a Fat Patty's (established in 2017), and Julio-Madison d/b/a Me & Julio (established in 2015), are 72-NAICS Code restaurant business, among some of the hardest-hit businesses during the COVID-19 pandemic. The CARES Act was meant to assist these businesses through the roughest of times and ensure

they remained standing on the other side. Like many other small businesses, these Plaintiffs were hit hard financially by the COVID-19 pandemic and struggled to keep their workers paid and their operations afloat.

5. SBA, however, denied forgiveness of all of Plaintiffs' loans and rendered each of the Plaintiffs "ineligible" for the PPP Loan — in its entirety — based on its application of the "corporate group rule."

6. More specifically, on December 20, 2022, SBA issued its first "final loan review decision" (the "First SBA Decision"), attached to the Complaint as **Exhibits A1-A4**, which denied forgiveness of their PPP Loans on the grounds that they were part of a "family of 30 entities defined by common ownership and management" that received more than the "corporate group limit" of $4 million in Second Draw PPP Loans. SBA indicated that "six entities" were subject to the corporate group limit, grouping Mountain Apple, Oklahoma Apple, Seestar, and Julio-Madison, in a "corporate group" along with ARC Fat Patty's LLC and ARC WingHouse LLC ("ARC WingHouse").

7. After Plaintiffs and ARC WingHouse filed an appeal to SBA's Office of Hearings and Appeals ("OHA"), SBA withdrew its First SBA Decision, dismissed the appeal, and the OHA remanded the matter to the Office of Capital Access.

8. When SBA eventually issued its second "final loan review decision" (the "Second SBA Decision") to each of the Plaintiffs on April 23, 2023, attached to the Complaint as **Exhibits B1 to B4**, SBA changed course and determined that

3

Plaintiffs were part of a different "corporate group" of six corporate entities majority-owned by Seenu Kasturi (the "Kasturi corporate group").

9. Although SBA did not specifically identify which "six entities" it determined were part of the Kasturi corporate group, considering the $5,219,074.50 sum of the loan amounts, it appears that the entities SBA grouped together are each of the Plaintiffs and two non-parties: Wisconsin Apple LLC and Blue Victory Holdings, Inc. In total, even as classified by SBA, the "Kasturi corporate group" has only received $2,000,000 in forgiveness towards its corporate group limit of $4,000,000.

10. However, based solely on the fact that the corporate group received more than $4,000,0000 in loan proceeds, SBA wrongly determined that each of the Plaintiffs was "ineligible" for any forgiveness whatsoever, even though only $2,000,000—or *one-half* (1/2) of the group limit—had been forgiven within this corporate group.

11. Each of the Plaintiffs argued to the OHA that, in accordance with applicable regulations, SBA should have granted forgiveness as to the remaining amount of $2,000,000 up to the corporate group limit.

12. In its ruling, the OHA upheld the Second SBA Decision, which stated that SBA would *not* forgive up to the corporate group's $4,000,000 limit. Thus, Plaintiffs were asked to pay back their loans in full, which each of the Plaintiffs utilized in accordance with SBA's regulations.

13. Under the applicable regulations, the OHA's decision now constitutes the final decision of SBA. Plaintiffs have exhausted all administrative remedies, and now commence this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C.§ 500 *et seq.*, to set aside SBA's unlawful and impermissible denial of forgiveness of Plaintiffs' loans up to the corporate group limit.

14. The Defendants' acts are arbitrary, unlawful, and unjust and have caused well-established small businesses in the local community, including Plaintiffs, significant harm. To add insult to injury, the government's demand that Plaintiffs repay the PPP loans in full stems from Plaintiffs' participation in a government program that was conceived to support companies like Oklahoma Apple, Mountain Apple, Seestar, and Julio-Madison. Accordingly, Plaintiffs respectfully request this Court issue a declaration that the agency actions were arbitrary, capricious, unlawful, and an abuse of discretion; vacate the underlying agency action; and grant partial forgiveness totaling $2,000,000 of Plaintiffs' second draw PPP Loans in accordance with the corporate group limit of $4,000,000 for second draw loans.

## **PARTIES**

15. Plaintiff Oklahoma Apple is a Louisiana limited liability company with its principal place of business located at 104 N. Airline Highway, #355 Gonzales, LA 70737.

16. Plaintiff Mountain Apple is a Louisiana limited liability company with its principal place of business located at 104 N. Airline Highway #355, Gonzales, LA 70737.

17. Plaintiff Seestar is a Louisiana limited liability company with its principal place of business located at 104 N. Airline Highway, #355, Gonzales, LA 70737.

18. Plaintiff Julio-Madison is a Florida limited liability company with its principal place of business located at 2784 S. Fish Hatchery Road, Fitchburg, WI 53711.

19. Defendant SBA is an independent agency of the United States, created and authorized pursuant to 15 U.S.C. § 633 *et seq.* Under the CARES Act, SBA administers the PPP. SBA maintains a district office at 7825 Baymeadows Way, Suite 100B, Jacksonville, FL 32256, which is within the Jacksonville Division of the United States District Court for the Middle District of Florida. SBA was created by the Small Business Act, 15 U.S.C. Ch. 14A.

20. Defendant Isabella Casillas Guzman is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity as Administrator. Guzman is a proper defendant in Administrative Procedure Act ("APA") challenges, as asserted herein, pursuant to 15 U.S.C. § 634(b) because Guzman is the officer with final authority for administering the PPP for SBA.

21. Defendant the United States of America is a proper defendant in APA challenges, as asserted herein, pursuant to 5 U.S.C. § 702.

6

## **JURISDICTION AND VENUE**

22. This is a civil action over which this Court has subject matter jurisdiction of this action by virtue of 28 U.S.C. § 1331 (federal question jurisdiction), insofar as Plaintiffs' causes of action arise under the APA; 28 U.S.C. § 1346(a)(2) (civil action against the United States); and 5 U.S.C. § 702 (judicial review of agency action). *See* 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). SBA regulations likewise provide for federal district court review of a decision of SBA's Office of Hearings and Appeals pursuant to 13 C.F.R. § 134.1211(g).

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because a substantial part of the events giving rise to this action have occurred and will continue to occur in the Middle District of Florida, and SBA operates within this judicial district. Under 13 C.F.R. § 134.1211(g), "[f]inal decisions [of SBA] may be appealed to the appropriate federal district court only." 13 C.F.R. § 134.1211(g).

24. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Florida and have engaged in the conduct alleged herein in Florida, targeted to Florida residents, businesses, and/or interests.

25. SBA's adoption of the "corporate group rule" and the agency's denial of full forgiveness to Plaintiffs are final agency actions pursuant to 5 U.S.C. § 704

and 13 C.F.R. § 134.1211(c)(3), which this Court has authority to review pursuant to 5 U.S.C. § 702.

26. Plaintiffs have Article III standing because SBA's denial of loan forgiveness has caused a concrete and particularized injury which is redressable by this Court by granting Plaintiffs the relief requested herein.

27. No other action, civil or criminal, is pending in any state court involving Plaintiffs regarding the activities and events stated herein.

28. The decision that OHA issued on November 2, 2023, is the final decision of SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 C.F.R. § 134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service." *See* 13 C.F.R. § 134.1211(b).

## STATEMENT OF FACTS

**A.     The CARES Act.**

29. SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs start or expand small businesses.

30. On March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES Act") became law. The CARES Act established PPP, the

purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic.

31. Under the PPP, SBA guarantees loans that private lenders (approved by SBA) provide to eligible small businesses. The CARES Act provides that SBA is to administer PPP as part of the 7(a) Loan Program, subject to applicable and controlling regulations.

32. On December 27, 2020, the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act became law. That statute authorized SBA to guarantee "second draw loans" under the PPP. Such second draw loans are the subject of this federal court action.

33. Section 1106 of the CARES Act, which pertains to "Loan Forgiveness," provides for the forgiveness of up to the full principal amount of qualifying PPP loans, subject to the requirements and limitations set forth in that section.

B. **Plaintiffs' Second Draw PPP Loans**.

### Oklahoma Apple

34. On January 21, 2021, Oklahoma Apple submitted a Loan Application for a second draw PPP Loan to SBA-approved lender, City National Bank of Florida ("Lender"), based on its substantial financial concern and belief that any funds received would be wholly forgiven.

35. On March 31, 2021, Lender approved the loan application in the amount of $1,598,677.00, and on April 22, 2021, Lender disbursed the PPP loan

proceeds to Oklahoma Apple. Oklahoma Apple would not have been able to operate its business during this time but for receiving the PPP Loan proceeds.

36. On August 30, 2022, Oklahoma Apple applied for forgiveness of its $1,598,677.00 second draw PPP loan in accordance with SBA regulations. Upon review, Lender recommended full forgiveness of the PPP Loan, issuing its Lender Forgiveness Decision on September 9, 2022.

## Mountain Apple

37. On January 21, 2021, Mountain Apple submitted a Loan Application for a second draw PPP Loan to Lender based on its substantial financial concern and belief that any funds received would be wholly forgiven.

38. On May 5, 2021, Lender approved the loan application in the amount of $702,824.00, and thereafter disbursed the loan proceeds to Mountain Apple on May 24, 2021. Mountain Apple would not have been able to operate its business during this time but for receiving the PPP Loan proceeds.

39. On August 31, 2022, Mountain Apple applied for forgiveness of its $702,824.00 second draw PPP loan in accordance with SBA regulations. Upon review, Lender recommended full forgiveness of the PPP Loan, issuing its Lender Forgiveness Decision on September 6, 2022.

## Julio-Madison

40. On January 21, 2021, Julio-Madison d/b/a Me & Julio submitted a Loan Application for a second draw PPP Loan to Lender based on its substantial financial concern and belief that any funds received would be wholly forgiven.

41. On May 7, 2021, Lender approved the loan application in the amount of $299,274.00, and thereafter disbursed the loan proceeds to Julio-Madison on on June 23, 2021. Julio-Madison would not have been able to operate its business during this time but for receiving the PPP Loan proceeds.

42. On November 3, 2022, Julio-Madison applied for forgiveness of its $299,274.00 second draw PPP loan in accordance with SBA regulations. Upon review, Lender recommended full forgiveness of the PPP Loan, issuing its Lender Forgiveness Decision on November 3, 2022.

## Seestar

43. On February 10, 2021, Seestar d/b/a Fat Patty's submitted a Loan Application for a second draw PPP Loan to Lender based on its substantial financial concern and belief that any funds received would be wholly forgiven.

44. On or about April 1, 2021, after approving the Loan Application, Lender disbursed the PPP loan proceeds in the amount of $1,237,764.00 to Seestar. Seestar would not have been able to operate its business during this time but for receiving the PPP Loan proceeds.

45. On September 2, 2022, Seestar applied for forgiveness of its $1,237,764.00 second draw PPP loan in accordance with SBA regulations. Upon review, Lender recommended partial forgiveness of the PPP Loan, issuing its Lender Forgiveness Decision in the amount of $219,171.42 on September 12, 2022.

## C.   SBA's First and Second Decisions and Designation of the Kasturi Corporate Group.

46.   On or about December 20, 2022, a Final SBA Loan Review Decision was initially issued regarding Plaintiffs' PPP loans. In response, on or about January 19, 2023, Plaintiffs (along with other appellants) timely filed an appeal with the OHA.

47.   On or about January 26, 2023, the OHA entered a Notice and Order and Consolidation of Cases. Soon thereafter, on or about March 7, 2023, SBA moved to dismiss each and all of the appeals and remanded the consolidated matters to SBA, in light of the fact that SBA had withdrawn the First SBA Decision issued on December 20, 2022.

48.   On remand, SBA issued a second Final SBA Loan Review Decision on or about April 23, 2023, therein denying forgiveness of the entirety of the Plaintiffs' second draw loans. The Second SBA Decision stated, in full, as follows:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason for SBA's decision is as follows:
>
> After a review of the documentation provided, SBA concludes that the Borrower [sic] business which is part of a corporate group has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.
>
> Seenu Kasturi et al is a group of 6 entities defined by 100% common ownership of Seenu Kasturi, as disclosed and attested on the borrower's organizational chart, Affiliated Spreadsheet, and Addendum A. Seenu Kasturi et al received a total of $5,219,074.50 in the Second Draw Loans. Six entities are subject to the corporate group limit; therefore, this entity exceeds the corporate group limit and are ineligible for the PPP Second Draw loan.

49. On or about May 23, 2023, Plaintiffs filed a second Joint PPP Loan Forgiveness Appeal to the OHA of the Second SBA Decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of Appeals of Final SBA Loan Review Decisions"). The filing with the OHA of an administrative record and substantial briefing ensued.

50. In their thorough briefing to the OHA, Plaintiffs argued as follows with respect to its *eligibility* to receive a second draw PPP loan:

> [T]he corporate group rule sets a limit on the loan amount corporate group entities should receive, not their eligibility for the PPP Loan itself . . . this IFR does not render entities ineligible for PPP Loans; instead, it limits loan amount the corporate group entities should receive in the aggregate. In fact, this section of the IFR appears in a section titled, "What is the maximum loan amount for a Second Draw PPP Loan?" *Id.* at 3719 (emphasis added); *see also id.* at 3716 (explaining purpose of corporate group rule was to "limit[] the amount of Second Draw PPP Loans that a single corporate group may receive" (emphasis added)). The IFR does not purport to address eligibility for the loan itself.
> . . .
>
> The CARES Act provides that for Second Draw loans, "an eligible entity" shall be "eligible for forgiveness of indebtedness on a covered loan *in an amount equal to*" the properly calculated payroll costs and other amounts. 15 U.S.C. § 636(a)(37)(J)(iii) (emphasis added); *see also id.* § 636m(b) (providing that "eligible recipients" shall be eligible for forgiveness according to certain costs during covered period); *id.* § 636m(a)(10) (defining "eligible recipient" as "recipient of a covered loan"). Therefore, while the corporate group loan amount may have been in excess of the limit set forth in the IFR, this says nothing of [Plaintiffs'] eligibility for the loans themselves.

51. With respect to the amount of forgiveness that ought to be awarded (and in light of proper application of the Corporate Group Rule), Plaintiffs explained as follows:

> Considering that SBA improperly denied full forgiveness to Appellants under the mistaken conclusion they were not eligible for the PPP Loan, Appellants respectfully request that the OHA examine the forgiveness amounts already awarded in each corporate group and assign the remaining forgiveness amounts to Appellants.
> . . .
>
> Therefore, in order to enable the Kasturi corporate group to reach the $4,000,000 cap, Appellants propose the following:
>
> Oklahoma Apple LLC receive **partial** forgiveness of $649,143.50.
> Mountain Apple LLC receive full forgiveness of $702,824.50.
> Seestar QSR LLC receive full forgiveness of $348,757.50.
> Julio-Madison LLC receive full forgiveness of $299,274.50.

52. Pursuant to the foregoing, SBA should have denied loan forgiveness only "in part." Specifically, SBA should have denied forgiveness only as it pertains to the portion that exceeded the corporate group limit, while granting the remaining $2,000,000 forgiveness up to $4,000,000 total.

53. In disregard of the applicable regulations, however, on November 2, 2023, the OHA issued a decision affirming the Second SBA Decision.

54. 13 CFR § 134.1211(b) provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or SBA Administrator . . . decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service." *See* 13 C.F.R. § 134.1211(b).

55. The Administrator did not review or reverse the OHA's decision dated November 2, 2023. Consequently, pursuant to 13 CFR § 134.1211(b), the OHA's

14

decision dated November 20, 2023, became the final decision of SBA on or about December 2, 2023.

56. Pursuant to 13 C.F.R. § 134.1211(g), which provides that "[f]inal decisions be appealed to the appropriate federal district court only," Plaintiffs have exhausted all administrative remedies, and may pursue this action in this Court.

### COUNT I
### Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)
### (SBA Lacks a Statutory or Regulatory Basis to Deny Partial Forgiveness)

57. Plaintiffs incorporate by reference all preceding paragraphs as if set forth verbatim herein.

58. The APA provides that a reviewing court must "hold unlawful and set aside agency action . . . found to be . . . not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

59. In denying forgiveness of the $2,000,000 portion of the subject second draw PPP loans *not* in excess of the $4,000,000 corporate maximum to which Plaintiffs' corporate group was subject, SBA acted contrary to law, in violation of applicable law and regulations.

60. Specifically, and without limitation, 85 Fed. Reg. 33012 provides, in relevant part, that "if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate."

SBA violated this regulation when it denied forgiveness of the $2,000,000 portion of the subject PPP loans *not* in excess of the maximum.

61.     Pursuant to 5 U.S.C. § 706(2)(A), this Court must hold unlawful and set aside the Final Loan Review Decision of SBA that denied forgiveness of the $2,000,000 portion of the subject second draw PPP loan *not* in excess of the $4,000,000 corporate maximum.

### COUNT II
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (Arbitrary and Capricious Action in Violation of the APA)

62.     Plaintiffs incorporate by reference all preceding paragraphs as if set forth verbatim herein.

63.     The APA provides that a reviewing court must "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

64.     In denying forgiveness of the $2,000,000 portion of the subject second draw PPP loans that were *not* in excess of the $4,000,000 corporate maximum to which Plaintiffs' corporate group was subject, SBA acted arbitrarily, capriciously and abused its discretion.

65.     Pursuant to 5 U.S.C. § 706(2)(A), this Court must hold unlawful and set aside the Final Loan Review Decision of SBA that denied forgiveness of the $2,000,000 portion of the subject second draw PPP loans that were *not* in excess of the $4,000,000 corporate maximum.

## COUNT III
## Administrative Procedures Act, 5 U.S.C. § 706(1)
## (To Compel Agency Action Unlawfully Withheld)

66.     Plaintiffs incorporate by reference all preceding paragraphs as if set forth verbatim herein.

67.     The APA provides that a reviewing court is required and obliged to "compel agency action unlawfully withheld." *See* 5 U.S.C. § 706(2)(A).

68.     In denying forgiveness of the $2,000,000 portion of the subject second draw PPP loan that was not in excess of the $4,000,000 corporate maximum to which Plaintiffs' corporate group was otherwise subject, SBA unlawfully withheld agency action required by law, including, without limitation, 85 Fed. Reg. 33012, which provides, *inter alia*, that "if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." *See* 85 Fed. Reg. 33012.

69.     Pursuant to 5 U.S.C. § 706(2)(A), this Court must compel SBA to grant forgiveness of the $2,000,000 portion of the subject second draw PPP loans that were not in excess of the $4,000,000 corporate maximum to which Plaintiffs' corporate group was subject.

## PRAYER FOR RELIEF

**WHEREFORE**, pursuant to the foregoing, Plaintiffs respectfully pray that the Court order the following relief:

    a. Vacate and set aside the OHA's final decision denying Plaintiffs' forgiveness of their respective second draw PPP Loans;

    b. Instruct Defendants to grant forgiveness of the $2,000,000 portion not in excess of the $4,000,000 corporate maximum to which Plaintiffs' corporate group was subject;

    c. Stay the OHA's final decision and direct that Plaintiffs' respective periods of loan deferment be extended until resolution of this action;

    d. Award reasonable attorneys' fees and costs to the extent permitted by law; and

    e. Grant such other relief as this Court deems just and proper.

DATED: September 9, 2024

Respectfully submitted,

/s/ Amy L. Drushal
AMY L. DRUSHAL, Florida Bar No. 546895
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Telephone: 813-223-7474
aldrushal@trenam.com
lbehr@trenam.com

Vivian H. Basdekis* (WV Bar No. 10587)
Blake N. Humphrey* (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
Telephone: (304) 345-2404
Facsimile: (304) 345-0115
vbasdekis@fbtlaw.com
bhumphrey@fbtlaw.com

*pro hac vice application forthcoming

**COUNSEL FOR PLAINTIFFS**