# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

OKLAHOMA APPLE LLC,
MOUNTAIN APPLE LLC,
SEESTAR QSR LLC, and
JULIO-MADISON LLC,

     Plaintiffs,

v.                                                                         CASE No. 3:24-cv-00927

THE UNITED STATES SMALL
BUSINESS ADMINISTRATION,
ISABELLA CASILLAS GUZMAN,
In Her Official Capacity as
Administrator of the Small Business
Administration, and THE UNITED
STATES OF AMERICA,

     Defendants.

_____

## PLAINTIFFS' DISCLOSURE STATEMENT UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03

1. Is the filer a non-governmental corporate party or non-governmental corporation moving to intervene?

    ☐    No.

    ☒    Yes, and

        ☐    These parent corporations and publicly held corporations own 10% or more of the filer's shares:

    Filers Oklahoma Apple LLC and Mountain Apple LLC are wholly owned by Louisiana Apple LLC.

    Filer Seestar QSR LLC is wholly owned by Seenu Kasturi.

        Filer Julio-Madison LLC is wholly owned by Seenu Kasturi.

        ☐    The filer has no parent corporation.

        ☐    No publicly held corporation owns 10% or more of the filer's shares.

2.    Is the court's jurisdiction based on either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)?

      ☒    No.

      ☐    Yes, and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer: [].

    a.    Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?

        ☒    No.

        ☐    Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

    b.    Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?

        ☒    No.

        ☐    Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

    c.    Is the filer an insurer?

        ☒    No.

      ☐    Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

  d.    Is the filer a legal representative?

      ☒    No.

      ☐    Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

  e.    Has the filer identified any corporation?

      ☒    No.

      ☐    Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

  f.    Has the filer identified any natural person?

      ☒    No.

      ☐    Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3.    Is there any other person or entity that has or might have an interest in the outcome of the action, including any interested or potentially interested lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity?

      ☒    No.

      ☐    Yes. These additional persons and entities have or might have an interest in the outcome of the action: []

4. Might the outcome of this action affect any entity, not yet identified, with publicly traded shares or debt?

   ☒   No.

   ☐   Yes, and this is the entity: [].

5. Is this a bankruptcy action?

   ☒   No.

   ☐   Yes, and the debtor is [].

   ☐   Yes, and the members of the creditors' committee are [].

6. Is this a criminal case?

   ☒   No.

   ☐   Yes, and these persons are arguably eligible for restitution: [].

7. Is there an additional entity likely to actively participate in this action?

   ☒   No.

   ☐   Yes, and this is the entity: [].

8. Does the filer certify that, except as disclosed, the filer is unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and the filer will immediately notify the judge in writing within fourteen days after the filer knows of a conflict?

   ☒   Yes.

Signed:

/s/ *Vivian H. Basdekis*
Vivian H. Basdekis* (WV Bar No. 10587)
Blake N. Humphrey* (WV Bar No. 14132)
FROST BROWN TODD LLP
500 Virginia Street East, Suite 1100
Charleston, WV 25301
Telephone: (304) 345-2404
Facsimile: (304) 345-0115
vbasdekis@fbtlaw.com
bhumphrey@fbtlaw.com

* *Admitted pro hac vice*

and

AMY L. DRUSHAL, Florida Bar No. 546895
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL   33602
Telephone: 813-223-7474
aldrushal@trenam.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on November 22, 2024, I electronically filed the foregoing *Plaintiffs' Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03* with the Clerk of the Court by using the CM/ECF system, which will send a true and correct copy to all counsel of record.

/s/Vivian H. Basdekis
Vivian H. Basdekis (WV Bar No. 10587)

0152740.0765996   4887-5753-5743v1